John D. McDANIEL; Merrill K. King; Mary King; Roy H. Grissom; Denise Grissom; Lyle J. Cameron; Martin P. Bridges; Nellie W. Aker, Individually, and as personal representative of Virgil G. Aker; Drew N. Barton, Individually, and as personal representative of Elmer Barton; Marjorie T. George, Individually, and as personal representative of Walter George; Savannah Hawthorne, Individually, and as administrator of the estate of Warner W. Hawthorne; Theodore Kliora, Individually, and as executor of the estate of Mamarth Kliora; Nellie M. Scott, Individually, and as personal representative of Lenard C. Scott; Lorene C. Scott, Individually, and as executor of the estate of Olen C. Scott; Costah M. Stidham, Individually, and as personal representative of James O. Stidham, Plaintiffs,

v.

JOHNS–MANVILLE SALES CORP.; Cassiar Asbestos Corp., Ltd.; Canadian Johns-Manville Asbestos, Ltd.; Canadian Johns-Manville Company, Ltd.; Advocate Mines, Ltd.; GEFCO; Cape Asbestos Company, Ltd.; E.G.N.E.P., Ltd.; Johns-Manville Corp.; Metropolitan Life Insurance Company, Defendants.

Marjorie OCASEK, Administrator of the Estate of William Hurst, Plaintiff,

v.

JOHNS–MANVILLE SALES CORP.; Cassiar Asbestos Corp.; Canadian Johns-Manville Asbestos, Ltd.; Advocate Mines, Ltd.; GEFCO; Cape Asbestos Company, E.G.N.E.P., Ltd.; Johns-Manville Corp. and Metropolitan Life Insurance Company, Defendants.

Reynaldo GUILLEN and Guadalupe Guillen, Plaintiffs,

v.

JOHNS–MANVILLE SALES CORP.; Cassiar Asbestos Corp., Ltd.; Canadian Johns-Manville Asbestos, Ltd.; Canadian Johns-Manville Company, Ltd.; Advocate Mines, Ltd., GEFCO; Cape As-

bestos Company, Ltd.; E.G.N.E.P., Ltd.; Johns-Manville Corp.; and Metropolitan Life Insurance Company, Defendants.

Nos. 77 C 3534, 78 C 128 and 78 C 866.

United States District Court,
N. D. Illinois, E. D.

June 16, 1978.

MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter is before the Court on the following motions: (1) a Motion to Dismiss by defendants Johns-Manville Corporation, Johns-Manville Sales Corporation, Canadian Johns-Manville Asbestos, Ltd. and Canadian Johns-Manville Company, Ltd.; and (2) a Motion to Quash Service of Summons by defendant Cassiar Asbestos Corporation.

The Complaint alleges that plaintiffs were injured by inhaling asbestos fibers while employed at an asbestos processing plant in Waukegan, Illinois. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1332. Plaintiffs are Illinois citizens; defendants are citizens of Delaware, New York, Colorado, South Africa, Canada and England. The amount in controversy is alleged to exceed $10,000.00 exclusive of interest and costs.

## I. *MOTION TO DISMISS*

Defendants now move to dismiss the Complaint on the grounds that this action is barred by the Illinois Workmen's Compensation Act, Ill.Rev.Stat. ch. 48, § 138.5. At issue here are whether: (1) all defendants are plaintiffs' employer within the meaning of the Illinois Workmen's Compensation statute; and (2) plaintiffs may sue their employer despite the existence of the Workmen's Compensation statute.

### A. *The Meaning of "Employer"*

Defendants first argue that although they are separate corporate entities, this Court should "pierce the corporate veil", disregard the separate entities and find that all defendants are the employer of plaintiff. Defendants contend that such a finding would limit plaintiffs' recovery to Workmen's Compensation and result in dismissal of this action.

Plaintiffs do not dispute that defendant Johns-Manville Sales Corporation is their employer within the meaning of the Workmen's Compensation statute, *Gundich v. Emerson-Comstock Co.*, 21 Ill.2d 117, 171 N.E.2d 60 (1960), but do not agree that the other defendants may also be considered plaintiffs' employer for the purposes of that enactment.

■ This Court rejects defendants' arguments that this Court should pierce their corporate veil and find that all defendants were plaintiffs' employer. The general rule is that holding companies or subsidiaries are separate legal entities, *Divco Wayne Sales Corp. v. Martin Vehicle Sales*, 45 Ill.App.2d 192, 195 N.E.2d 287 (1963). Although defendants cite cases in which courts have held the corporations and their subsidiaries jointly liable as a single entity, defendants' cases are distinguishable from this one. Each case involved a situation where *plaintiff* sought to hold corporate entities liable jointly because to do otherwise would involve fraud. Defendants have uniformly been denied the opportunity to pierce their own corporate veil in order to avoid liability. *See, e. g. Thomas v. Hycon, Inc.*, 244 F.Supp. 151 (D.D.C.1965); *Latham v. Technar, Inc.*, 390 F.Supp. 1031 (E.D.Tenn.1974).

This Court finds that it would be unjust to allow defendants to claim the benefits of a narrow exception to the general rule of separation of legal entities to avoid liability for plaintiffs' injuries here.

Accordingly, the Motion to Dismiss by defendants Johns-Manville Corporation, Canadian Johns-Manville Asbestos, Ltd. and Canadian Johns-Manville, Company, Ltd. is denied.

### B. *Liability of Employers Under the Illinois Statute*

■ Defendant Johns-Manville Sales Corp. next moves to dismiss the Complaint on the grounds that it is plaintiffs' employer and that plaintiffs' exclusive remedy against their employer is Workmen's Compensation. This Court does not agree.

Although defendant correctly argues that Workmen's Compensation is ordinarily the exclusive remedy for employees covered by that enactment, *Gannon v. Chicago, Milwaukee, St. Paul and Pacific Railway Co.*, 13 Ill.2d 460, 150 N.E.2d 141 (1958) at least one Illinois court has recognized that Workmen's Compensation may not be the sole remedy in cases of intentional torts, *Mier v. Staley*, 28 Ill.App.3d 373, 329 N.E.2d 1 (1975). In *Barnes v. Chrysler Corp.*, 65 F.Supp. 806 (N.D.Ill.1946), the Court found that intentional torts are not the type of risks of employment that are contemplated by the Workmen's Compensation statute. In that case, plaintiffs alleged that they were imprisoned for several hours and beaten by plant guards on the employer's premises. The Court reasoned that it would not be proper to find that such risks could be considered risks of employment in Illinois.

In this case plaintiffs allege defendants' intentional and felonious poisoning, fraud and misrepresentation, and conspiracy to deceive. Plaintiffs should have an opportunity to prove these allegations.

Accordingly, defendant Johns-Manville Sales Corp.'s Motion to Dismiss is denied.

## II. *MOTION TO QUASH*

■ Defendant Cassiar Asbestos Corporation next moves to quash service of sum-

mons. This defendant alleges that it was served by mail in Vancouver, British Columbia with a Complaint alleging that it failed to adequately label raw asbestos with warnings of its danger. Defendant argues that it is a corporation organized and existing under the laws of Canada and is not and never has been licensed or qualified to do business in Illinois. Defendant argues that it has never appointed or authorized any agent to accept service of process in Illinois, has never maintained stock, goods, or merchandise in Illinois and has never maintained an office, place of business or commercial bank account in Illinois.

Defendant supports its motion to quash with the Affidavit of John Despard Christian. That Affidavit establishes that defendant is engaged in the business of mining chrysotile asbestos in British Columbia and that all sales of these raw materials were on an F.O.B. British Columbia basis. The Affidavit further establishes that the orders were processed in Canada. Defendant states that after the raw materials were shipped, defendant had no control over their ultimate use or processing.

Defendant contends that under these circumstances defendant has had insufficient contacts with Illinois for the constitutional assertion of jurisdiction over it. This Court does not agree.

In *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961) the Illinois Supreme Court upheld jurisdiction over a non-resident corporation that had no office or agents in Illinois, sold no products in Illinois, and solicited no business in the state. The Court found that:

> The wrong in the case at bar did not originate in the conduct of a servant physically present here, but arose instead from acts performed at the place of manufacture.
>
> Only the consequences occurred in Illinois. It is well established, however, that in law the place of a wrong is where the last event takes place which is necessary to render the actor liable [citation omitted]. . . . We think it is clear that

the alleged negligence in manufacturing the valve cannot be separated from the resulting injury; and that for present purposes, like those of liability and limitations, the tort was committed in Illinois. 22 Ill.2d at 435–36, 176 N.E.2d at 762.

In this case defendant Cassiar Asbestos Corporation has placed its products into the stream of commerce and has enjoyed the privilege of selling its product in the Illinois market. The fact that the alleged tortious conduct here is a failure to act rather than an affirmative act is irrelevant. *See Florendo v. Pan Hemisphere Transport, Inc.*, 419 F.Supp. 16 (N.D.Ill.1976). Principles of fundamental fairness are served when a defendant who sells products that ultimately enter this state defends claims within the state when those products injure plaintiffs who use them.

Accordingly, defendant Cassiar Asbestos Corporation's Motion to Quash is denied.

### CONCLUSION

The Motion to Dismiss by defendants Johns-Manville Corporation, Johns-Manville Sales Corporation, Canadian Johns-Manville Asbestos, Ltd. and Canadian Johns-Manville Company, Ltd. is denied.

Defendant Cassiar Asbestos Corporation's Motion to Quash is also denied.