STANLEY JABLONSKI, Plaintiff-Appellant, *v.* BARRY MULTACK *et al.*, Defendants-Appellees.

First District (5th Division)   No. 77-1747

Opinion filed August 18, 1978.

Collins & Amos, of Chicago (Sidney R. Berger, of counsel), for appellant.

Goldenson, Kiesler, Berman & Brenner, of Chicago (Robert L. Kiesler, Robert D. Kreisman, and Marvin D. Berman, of counsel), for appellee Barry Multack.

Wildman, Harrold, Allen & Dixon, of Chicago (James P. Dorr, of counsel), for appellee Max Lee Corporation.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal by plaintiff from two orders granting the separate motions of defendants for summary judgment in an action brought to recover damages for personal injuries allegedly sustained as the result of an assault and battery. The sole question presented is whether section 5(a) of the Workmen's Compensation Act (the Act) (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(a)) provides an exclusive remedy which bars an employee's action for damages against his employer and a co-employee for an intentional tort committed by the latter in the course of the employment of both the employee and the co-employee.

Plaintiff was employed by defendant Max Lee Corporation (Max Lee) in one of the latter's restaurants in which defendant Barry Multack (Multack) worked for the same employer as manager. In his complaint, plaintiff asked damages against Max Lee and Multack for injuries allegedly resulting when he was assaulted by Multack in the restaurant. Both motions for summary judgment asserted that plaintiff and Multack were employees of Max Lee and were performing duties in the course of their employment at the time of the occurrence complained of and that, as a result, plaintiff's action was barred by section 5a of the Act. Plaintiff, in his response to the motions, while admitting that section 5a bars a common law action by an employee against an employer or a co-employee for injuries due to negligence, asserts that "the statute does not bar a common law action against an employer or co-employee where said action is based upon an intentional tort grounded in malice as is the action in the case at bar."

OPINION

The exclusive remedy provided for in section 5(a) in pertinent part is as follows:

"No common law or statutory right to recover damages from the employer, * * * or the agents or employees of * * * [the employer] for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, * * *."

The Act established a system of liability without fault and abrogated the common law defenses of contributory negligence, assumption of risk, and fellow servant. In exchange therefor, it provided that the employee give up certain elements of damage by prohibiting common law and statutory actions against the employer for injuries received in the course of employment. (*Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1958), 13 Ill. 2d 460, 150 N.E.2d 141.) In Larson's treatise on workmen's compensation law, the author states that the exclusive remedy provision "is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts." 2A Larson, The Law of Workmen's Compensation §65.10 (1976) (hereinafter cited as Larson).

Initially, we note that although the Act provides for compensation to an employee for accidental injury resulting in his death (Ill. Rev. Stat. 1975, ch. 48, par. 138.7) and not resulting in his death (Ill. Rev. Stat. 1975, ch. 48, par. 138.8), the term "accidental injury" is not defined. It has been stated that its meaning cannot be determined from any definition found in the dictionaries (*Matthiessen & Hegeler Zinc Co. v. Industrial Board* (1918), 284 Ill. 378, 120 N.E. 249) and that it is not a technical legal term but encompasses anything that happens without design or event which is unforeseen by the person to whom it happens (*E. Baggot Co. v. Industrial Com.* (1919), 290 Ill. 530, 125 N.E. 254). However, it has been recently held that injury is accidental within the meaning of the Act "when it is traceable to a definite time, place and cause and occurs in the course of employment unexpectedly and without affirmative act or design of the employee." *International Harvester Co. v. Industrial Com.* (1973), 56 Ill. 2d 84, 89, 305 N.E.2d 529, 532.

Thus, injuries sustained by an employee as a result of an unprovoked and unjustifiable assault by a fellow worker in the course of employment have been held to be compensable as accidental injuries within the meaning of that term as used in the Act, where the assault stems from a quarrel arising out of the work or duties being performed by the

employees. (*City of Chicago v. Industrial Com.* (1920), 292 Ill. 406, 127 N.E. 49; *Pekin Cooperage Co. v. Industrial Com.* (1918), 285 Ill. 31, 120 N.E. 530. See also *McGrew v. Consolidated Freightways, Inc.* (1963), 141 Mont. 324, 377 P.2d 350.) These cases treat the injuring incident as an "accident" on the theory that it was unexpected or unusual or unintended from the standpoint of the employee.

In the instant case, plaintiff contends that the motions for summary judgment were improperly granted. He argues that section 5a does not bar an action by an employee for the intentional tort by a fellow employee or an action against his corporate employer for the intentional tort of a co-employee who acts as its alter ego, and he maintains that Multack, as manager of its restaurant, was acting as alter ego of Max Lee.

In this regard, the parties are in accord that no Illinois decision has directly confronted the question of whether an action for damages because of injuries intentionally inflicted by an employer or a co-employee is barred by section 5a. It was indirectly considered, however, in *Mier v. Staley* (1975), 28 Ill. App. 3d 373, 329 N.E.2d 1. In *Mier*, the directors and officers of a corporation, responding to a strike, decided to use office personnel to continue work in the factory. Plaintiff, a clerk, was injured in a fall while working in the factory and she sued, among others, the directors and officers of her corporate employer, alleging they were negligent in requiring office personnel to work in the factory knowing that machinery there was dangerous to inexperienced persons. She separately alleged that their conduct was wilful and wanton negligence. It was held the action was barred, with the court stating:

> "The Workmen's Compensation Act bars all suits for accidental injuries arising out of and in the course of employment. * * * It is generally held that injuries caused by wilful and wanton negligence of the employer are to be compensated by the Act; *the only injuries, if any, outside the Act would be intentional torts.*"

(Emphasis added.) 28 Ill. App. 3d 373, 381, 329 N.E.2d 1, 8.

Defendants correctly argue that the court in *Mier* was concerned only as to whether negligent acts were covered under the Act and that the underlined language was dicta. We note, however, that a number of jurisdictions have held that where an individual employer or a corporation where an employee acts as its alter ego inflicts an intentional injury on another employee, the employer may be made the subject of a common law action for damages on the theory that, in such an action, the employer should not be permitted to assert that the injury was accidental and, thus, under the exclusive remedy provision of their workmen's compensation laws. *Readinger v. Gottschall* (1963), 201 Pa. Super. 134, 191 A.2d 694; *Garcia v. Gusmack Restaurant Corp.* (1954), 150 N.Y.S.2d

232; *Heskett v. Fischer Laundry & Cleaners Co.* (1950), 217 Ark. 350, 230 S.W.2d 28; *Le Pochat v. Pendleton* (1946), 187 Misc. 296, 63 N.Y.S.2d 313; *Stewart v. McLellan's Stores Co.* (1940), 194 S.C. 50, 9 S.E.2d 35.

In Larson, at section 68.11, it is stated "[a]n intentional assault by the employer upon the employee, when the employer acts in person as distinguished from constructively through an agent, will ground a common law action for damages"; and the best reason advanced to support this result "is that the employer will not be heard to allege that the injury was 'accidental' and therefore was under the exclusive provisions of the Workmen's Compensation Act when he himself intentionally committed the act."

In *Le Pochat v. Pendleton,* which involved an action against an individual employer for injuries to an employee allegedly inflicted by his employer, the New York court construing a compensation law similar to that of Illinois, held the exclusive remedy defense was not available to one who unlawfully assaults an employee.

In *Boek v. Wong Hing* (1930), 180 Minn. 470, 471, 231 N.W. 233, 233-34, which involved an assault by an individual employer on an employee, the court held that its exclusive remedy clause, similar to that of Illinois, did not apply, stating:

> "No case has been cited where it has been held that one who wilfully assaults and injures a workman while in the course of his employment be he an employee, employer or a stranger, when sued for the tort can successfully interpose as a defense that the plaintiff and his employer are under the Workmen's Compensation Act, and his sole remedy is thereunder. And we think none can be found, for it would be a perversion of the purpose of the act to so hold."

So also has it been held in other jurisdictions that a corporate employer may be the subject of a common law suit by an employee for damages intentionally inflicted by a fellow employee acting as the alter ego of the corporation. These cases are summarized in section 68.21 of Larson, which states the rule which we believe to be preferable, as follows:

> "When the person who intentionally injures the employee is not the employer in person nor a person who is realistically the alter ego of the corporation, but merely a foreman, supervisor or manager, both the legal and the moral reasons for permitting a common-law suit against the employer collapse, and a substantial majority of modern cases bar a damage suit against the employer.
>
> The legal reason for permitting the common-law suit for direct assault by the employer, * * * is that the same person cannot commit an intentional assault and then allege it was accidental. This does not apply when the assailant and the defendant are two

entirely different people. Unless the employer has commanded or expressly authorized the assault, it cannot be said to be intentional from his standpoint any more than from the standpoint of any third person."[1]

In support of his argument that Multack, as manager of one of Max Lee's restaurants, was acting as the alter ego, plaintiff cites only *Heskett v. Fischer Laundry & Cleaners, Inc.* (1950), 217 Ark. 350, 230 S.W.2d 28, in which intentional injury was inflicted upon an employee by the general manager of his corporate employer. It was held that the tortfeasor employee was acting as the alter ego of the employer and that the injured employee had the election to either claim compensation or to seek full damages in a common law action.

However, Larson in section 68.22 has the following to say concerning *Heskett*:

"The correct distinction to be drawn in this class of cases is between a supervisory employee and a person who can genuinely be characterized as the alter ego of the corporation. Take for example, a case like *Heskett v. Fischer Laundry & Cleaners Company, Incorporated*, which is sometimes lumped together with assault cases involving foremen. It seems probable from the facts given in the opinion that the assailant there was so dominant in the corporation that he could be deemed the alter ego of the corporation under the ordinary standards governing disregard of corporate entity. He was an officer and general manager of the corporation. His name was Fischer, and the corporation's name was Fischer Laundry and Dry Cleaners Company—indicating that it was probably in whole or in part his own business. In such circumstances the attribution of moral responsibility for the actor's conduct to the corporation is quite a different matter from the same process when the actor is merely a foreman or supervisor."

In the instant case, plaintiff's complaint states that Multack was the manager of the restaurant which is alleged to be only one of a number owned by Max Lee. It contains no allegations that he was acting as the alter ego of Max Lee, nor is there anything in the record to indicate that such was the fact. In the light of the foregoing, we are of the belief that plaintiff's common law action against Max Lee to hold it vicariously liable

---

[1] The question of whether a suit against an employer by an intentionally injured employee might result in a double recovery has not been raised. Larson, in section 68.12, suggests that such employee has an option to claim compensation or sue his employer at common law. We do not believe, however, that the intentionally injured employee should be precluded from either remedy. Thus, whether he recovers first at common law or under the Act, the intent of the legislature as indicated in section 5b of the Act would appear to require a setoff or credit in the subsequent procedure. See also *Hartford Accident & Indemnity Co. v. Bast, Inc.* (1977), 56 Ill. App. 3d 960, 372 N.E.2d 829.

for the alleged intentional assault by Multack is barred by section 5a of the Act. Accordingly, the summary judgment granted in favor of Max Lee is affirmed.

We turn now to whether section 5a of the Act also bars plaintiff's action against Multack. It is well settled that where the negligence of a co-employee arising out of and in the course of employment results in injuries to a fellow worker, the former may plead the act as a bar to a suit for damages by the injured employee. *Sjostrom v. Sproule* (1965), 33 Ill. 2d 40, 210 N.E.2d 209; *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 201 N.E.2d 434; *O'Brien v. Rautenbush* (1956), 10 Ill. 2d 167, 139 N.E.2d 222.

The courts have also held that compensation laws do not immunize an employee from suit for intentional torts against a fellow employee.

In *Elliott v. Brown* (Alas. 1977), 569 P.2d 1323; *Bryan v. Utah International* (Utah 1975), 533 P.2d 892; *Williams v. Smith* (1968), 222 Tenn. 284, 435 S.W.2d 808; and *Mazarredo v. Levine* (1948), 274 App. Div. 122, 80 N.Y.S.2d 237, it was held that their respective workmen's compensation acts, which provided a co-employee immunity from suit, did not bar the maintenance of an action for damages against such co-employee for an intentional tort.

In *Mazarredo v. Levine*, an employee was assaulted by a co-employee who raised the Workmen's Compensation Act as a bar to a common law action. The court stated:

> "[T]his does not mean that the statute was intended to furnish a defense to one guilty of a wilful assault as distinguished from mere carelessness. The fact that injuries received by an employee in a fight or quarrel with a fellow worker may be accidental injuries under certain circumstances and compensable in so far as concerns the employer does not mean that such injuries are also to be deemed accidental in regard to the assailant and the victim confined to compensation as his exclusive remedy. The Workmen's Compensation Law deals with accidental injuries, and not intentional wrongs. The commission of an assault by one employee upon another in the course and arising out of the employment may properly be deemed accidental from the standpoint of the employer as an untoward event not expected or intended. The same, however, can hardly be said for the perpetrator of the assault. It seems unreasonable to suppose that the Legislature intended to give statutory protection in the form of immunity from suit for a deliberate and intentional wrongful act." 274 App. Div. 122, 127, 80 N.Y.S. 2d 237, 241-42.

We adopt this reasoning, which leads us to the conclusion that the exclusive remedy of section 5a was not intended to be available to an employee who commits an intentional tort on a fellow worker.

Additionally, it appears to us that the socially beneficial purpose of the workmen's compensation law was not meant to permit a person who commits an intentional tort to use the compensation law as a shield against liability (accord, *Elliott v. Brown.*) Moreover, in view of the fact that benefits under the Act are paid from employers' premiums as a means of spreading the cost of hazards of the work place (see *Rosales v. Verson Allsteel Press Co.* (1976), 41 Ill. App. 3d 787, 789, 354 N.E.2d 553, 555-56), we do not believe the legislature intended that an intentional tortfeasor could shift his liability for his acts to such a fund.

We hold, therefore, that an employee who commits an intentional tort may not raise the Act as a bar to an action for damages by a fellow worker.

For the reasons stated, the summary judgment in favor of defendant Max Lee Corporation is affirmed, but the summary judgment in favor of defendant Barry Multack is reversed and this cause is remanded for further proceedings consistent with this opinion.

Affirmed in part.

Reversed in part and remanded.

LORENZ and MEJDA, JJ., concur.