**In the Matter of JOHNS–MAN-VILLE/ASBESTOSIS CASES.**

**No. 77 C 3534.**

United States District Court,
N. D. Illinois, E. D.

March 31, 1981.

John Bulger and Doris L. Adkins, Cooney & Stenn, Chicago, Ill., for plaintiffs.

Robert Bell, Jr., Johnson, Cusack & Bell, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Johns-Manville Corporation, Johns-Manville Sales Corporation, Canadian Johns-Manville Asbestos, Ltd. and Canadian Johns-Manville Company, Ltd. (collectively "Johns-Manville") are among the defendants in the Johns-Manville/Asbestosis cases consolidated for pre-trial purposes. They have moved to dismiss various portions of plaintiffs' complaints.[1] For the reasons stated in this memorandum opinion and or-

der Johns-Manville's motion to dismiss is granted in part and denied in part.

### Count I—Strict Liability

██ Count I alleges that Johns-Manville is strictly liable for any injuries employees (plaintiffs or plaintiffs' decedents) suffered from inhaling asbestos because Johns-Manville knew that the product would cause injury or disease and failed adequately to warn the employees of such danger. Johns-Manville's motion to dismiss is based on an Illinois Supreme Court opinion, *Woodill v. Parke Davis & Co.*, 79 Ill.2d 26, 37 Ill.Dec. 304, 402 N.E.2d 194 (1980), which held that an essential element of a tort action sounding in strict liability was an allegation that the defendant knew or should have known of the danger that the product could cause. However, Complaint ¶ 70 specifically makes such an allegation.

Johns-Manville's argument suffers from an even more basic defect exemplified by their memorandum's exclusive attention to *Woodill*, a state court decision. Matters of *pleading* in diversity cases (as distinct from substantive requirements of *proof*) are governed by the Federal Rules of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); 5 Wright and Miller, *Federal Practice and Procedure: Civil* § 1204. Under the principles of notice pleading a complaint stating a cause of action sounding in tort need contain nothing more than a short and plain statement of the basis for the suit. *See*, Form 9 of the Fed.R.Civ.P. Appendix of Forms. Because the Complaint adequately meets the federal pleading requirements, Johns-Manville's motion to dismiss Count I is denied.

### Count V—Fraudulent Misrepresentation

██ Count V alleges that Johns-Manville knew that the employees were suffering

---

1. Johns-Manville's motion refers to "plaintiff's second amended complaint." In fact a Third Amended Complaint had been filed in *McDaniel* December 19, 1979, and this opinion will deal with its allegations (and will refer to it simply as the "Complaint"). To the extent if any that allegations in the complaints in other actions differ from those in the Complaint,

plaintiffs' counsel (who are involved in all the actions) will be expected to file the necessary conforming amendments. If they fail to do so on or before April 20, 1981 this Court will enter appropriate orders of partial dismissal upon Johns-Manville's renewal of the appropriate motions.

from the injuries and diseases caused by exposure to asbestos and yet fraudulently concealed such information from them. Johns-Manville's memorandum as to Count V suffers from the same error discussed in relation to Count I, but to an even greater extent: It engages in an extended exegesis of Illinois case law on the pleading of fraud. Again plaintiffs need comply not with the detailed requirements of Illinois pleading law but rather with the terms of Fed.R. Civ.P. ("Rule") 9(b). Plaintiffs have alleged that the fraudulent misrepresentation resulted from the concealment by Johns-Manville of information garnered from medical examinations given to its employees. Those allegations are sufficiently specific to satisfy Rule 9(b) and withstand Johns-Manville's motion to dismiss Count V.

### Count VI—Negligent Misrepresentation

■ Plaintiffs' allegations of negligent misrepresentation more than adequately meet the requirements of notice pleading under the Rules. Accordingly, for the same reasons already discussed, Johns-Manville's motion to dismiss Count VI is therefore denied.

### Wilful and Wanton Conduct

■ Complaint ¶ 113 seeks punitive damages because defendants' actions described in all preceding Counts were allegedly wilful, wanton and intentional. Johns-Manville's arguments for dismissing that claim are of a like kind with, and flawed for the same reasons as, those already discussed. Accordingly Johns-Manville's motion to dismiss the claim in Paragraph 113 is also denied.

### Effects of the Availability of Worker's Compensation

1. *General Tort Liability of Johns-Manville Sales Corporation ("Johns-Manville Sales")*

Johns-Manville Sales moves for dismissal from all counts of the Complaint because it was or is the employer in every case. It contends that plaintiffs are limited to a worker's compensation remedy by the terms of Ill.Rev.Stat. ch. 48, § 138.5(a):

No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to anyone wholly or partially dependent upon him, the legal representatives of his estate, or anyone otherwise entitled to recover damages for such injury.

■ Plaintiffs concede that each employee's injuries occurred within the scope of his or her employment. However, they seek to avoid the exclusive remedy provisions of Section 138.5(a) via a limited exception known as the "dual capacity doctrine" developed by Illinois courts. Under that doctrine it is sometimes possible for a defendant to have two separate legal relationships with a plaintiff. As the Illinois Supreme Court stated in *Smith v. Metropolitan Sanitary District of Greater Chicago*, 77 Ill.2d 313, 318, 33 Ill.Dec. 135, 138, 396 N.E.2d 524, 527 (1979):

An employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer. (2A A. Larson, Workmen's Compensation sec. 72.–80, at 14–112 (1976).

■ Plaintiffs contend that Johns-Manville Sales acted in two such additional legal capacities: It was a miner-supplier of asbestos and also acted as plaintiffs' physician when giving medical examinations. That argument might technically be dealt with simply by referring to the allegations of the Complaint. Johns-Manville Sales is charged solely as an employer, not as a supplier of asbestos or a provider of medical services. But because plaintiffs could raise

the issue properly by a pleading amendment, the Court has considered it on the merits and concludes that this case is not an appropriate situation for the application of the dual capacity doctrine.

First, Johns-Manville Sales had a duty as plaintiffs' employer to provide a safe working environment. Its duty remained unchanged whether Johns-Manville Sales was using its own asbestos or asbestos supplied by another defendant. *Goetz v. Avildsen Tool and Machines, Inc.*, 82 Ill.App.3d 1054, 38 Ill.Dec. 324, 403 N.E.2d 555 (1st Dist. 1980). Johns-Manville Sales thus never entered into the separate legal relationship necessary to trigger the dual capacity doctrine established in *Smith.*

Second, plaintiffs' contention that Johns-Manville Sales entered into a physician-patient relationship lacks merit. Plaintiffs do not assert medical malpractice on the part of Johns-Manville Sales either in the Complaint or, more important for this purpose, in their supporting memorandum. *Cf., McCormick v. Caterpillar Tractor Co.*, 82 Ill.App.3d 77, 37 Ill.Dec. 522, 402 N.E.2d 412 (4th Dist. 1980) (allegation of medical malpractice held to be within the dual capacity doctrine). They charge that Johns-Manville Sales, through certain medical examinations, was aware of plaintiffs' medical condition but fraudulently or negligently concealed this information. That claim also cannot establish the separate legal relationship required by *Smith.*

2. *Intentional Tort Claims Against Johns-Manville Sales*

Complaint ¶ 113 alleges that all the tortious activity described in other counts of the Complaint was committed intentionally. Plaintiffs contend that suits for such intentional torts against employees are not barred by Section 138.5(a).

Illinois law on that issue is not well settled. In analytical terms the test is whether intentional torts are "accidental" and thus compensable under the statute, bringing into play the exclusivity provisions of Section 138.5(a). *Collier v. Wagner Castings Corp.*, 81 Ill.2d 229, 41 Ill.Dec. 776, 408 N.E.2d 198 (1980).

Prior to *Collier*, two recent Illinois Appellate Court decisions had touched on the question. In *Mier v. Staley*, 28 Ill.App.3d 373, 381, 329 N.E.2d 1, 8 (4th Dist. 1975) the Court stated without any supporting authorities that "the only injuries, if any, outside the Act would be intentional torts." Then *Jablonski v. Multack*, 63 Ill.App.3d 908, 20 Ill.Dec. 715, 380 N.E.2d 924 (1st Dist. 1978) distinguished two situations involving intentional torts. There the court held that if a co-employee had acted as the "alter ego" of the employer in committing an intentional tort, the employer would be responsible for that tort and should not be permitted to avoid liability by pointing to worker's compensation liability. But where an employer does not direct, encourage or commit an intentional tort, the court stated the employer should not be forced to defend a common law action.

In *Collier* the Illinois Supreme Court found it unnecessary to decide whether intentional torts are statutorily non-compensable. However, the thrust of the opinion's general discussion indicates strongly that the Court holds such a position. It cited approvingly the reasoning of Professor Larson and the *Jablonski* court (81 Ill.2d at 238–39, 41 Ill.Dec. at 781, 408 N.E.2d at 203):

> Larson suggests that an intentional tortfeasor should not be able to shield his liability with the exclusivity provisions of a compensation statute premised on insuring accidental injuries ... but that if the injured party receives compensation pursuant to the Act, he or she should not be heard to subsequently allege their intentional nature.... Our Appellate Court, in *Jablonski v. Multack* (1978), 63 Ill.App.3d 908, 20 Ill.Dec. 715, 380 N.E.2d 924, has concluded that the law's paramount interest is to avoid shielding from liability one who intends to do harm and, further, that the legislature could not be presumed to have intended to permit an intentional tortfeasor to shift his liability to a fund paid for with premiums collected from innocent employers.

Given the favorable treatment of the *Jablonski* decision in *Collier*, this Court finds that the analysis in *Jablonski* embodies the current state of Illinois law. Under that opinion, plaintiffs' allegations of intentional torts should not be relegated to the statutory remedy.

■ Here plaintiffs do not allege misconduct by a specific employee of Johns-Manville Sales. Instead the Complaint charges that the harms to employees resulted from a uniform and intentional policy developed by Johns-Manville Sales. On those allegations it is Johns-Manville Sales itself that committed the intentional tort. Johns-Manville Sales' motion for its dismissal under Complaint ¶ 113 is therefore denied.

Such denial is, however, subject to one condition. In *Collier*, 81 Ill.2d at 241, 41 Ill.Dec. at 782, 408 N.E.2d at 204, the Court held that "where an employee injured [intentionally] by a coemployee has collected compensation on the basis that his injuries were compensable under the Act, the injured employee cannot then allege that those injuries fall outside the Act's provisions." Were this Court presented with any evidence of a plaintiff's having sought statutory compensation, *Collier* would mandate dismissal of that plaintiff's allegations against Johns-Manville Sales.

3. *Liability of Johns-Manville Corporation, Canadian Johns-Manville Asbestos, Ltd. and Canadian Johns-Manville Company, Ltd.*

■ Plaintiffs allege that they were actually employed only by Johns-Manville Sales. They contend that because the other three Johns-Manville corporations are separate legal entities and not "employers" for worker's compensation purposes, those corporations are amenable to suit in a common law tort action. Defendants contend that this Court should "pierce the corporate veil" and find that the "employer" comprised all four Johns-Manville entities, so that plaintiffs are limited by the exclusive remedy provisions of Section 138.5(a).

This Court finds Judge Kirkland's opinion, *McDaniel v. Johns-Manville Sales Corp.,* 487 F.Supp. 714, 716 (N.D.Ill.1978) persuasive on this point:

> The general rule is that holding companies or subsidiaries are separate legal entitles, *Divco Wayne Sales Corp. v. Martin Vehicle Sales*, 45 Ill.App.2d 192, 195 N.E.2d 287 (1963). Although defendants cite cases in which courts have held corporations and their subsidiaries jointly liable as a single entity, defendants' cases are distinguishable from this one. Each case involved a situation where plaintiff sought to hold corporate entities liable jointly because to do otherwise would involve fraud. Defendants have uniformly been denied the opportunity to pierce their own corporate veil in order to avoid liability.

Moreover, Johns-Manville's motion must be denied on its own terms. It seeks dismissal for failure to state a claim under Rule 12(b)(6). For that purpose the Complaint's allegations must be taken as true—and it describes all four Johns-Manville companies as separate entities and characterizes only Johns-Manville Sales as the "employer."

Thus the motions by Johns-Manville Corporation, Canadian Johns-Manville Asbestos, Ltd., and Canadian Johns-Manville Company, Ltd. to dismiss because of the availability of worker's compensation must be denied.

*Conclusion*

This is one of three contemporaneously-issued opinions in the Johns-Manville Asbestosis cases. Because of the proliferation of motions in the more than 50 cases consolidated for pre-trial purposes, the Court is adopting the following procedure:

(1) On or before April 24, 1981 all parties litigant are directed to apprise this Court by letter (with copies of course to all other counsel) of the actions to which the various rulings in this opinion apply.

(2) All such letters shall also include a statement identifying the fully-briefed motions (if any) that remain to be decided in these cases after issuance of these March 31, 1981 opinions.