**Lionel MARTIN, et al., Plaintiffs,**

v.

**GRANITE CITY STEEL DIVISION OF NATIONAL STEEL CORPORATION, Defendant.**

**Civ. No. 84–3125.**

United States District Court, S.D. Illinois.

May 9, 1985.

See also, D.C., 596 F.Supp. 293.

Richard Shaikewitz, Wiseman, Shaikewitz, McGivern and Wahl, Alton, Ill., for plaintiffs.

Eric Robertson, Lueders, Robertson and Konzen, Granite City, Ill., J.F. McKenna, III, and C.R. Bapst, III, Thorp, Reed and Armstrong, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Plaintiff's filed this action alleging that the defendant, by recycling coal by-products into its coke ovens, intentionally exposed the plaintiffs to toxins and carcinogens. The plaintiffs seek to represent a class of all persons who have worked for the Granite City plant since June of 1982 and all non-employees who have lived within a five mile radius of the plant since June

of 1982. Before the Court at this time is defendant's motion to dismiss (Document No. 6). The defendant raises a number of points in support of its motion. First, the defendant alleges that Count I, and Count II in so far as it pertains to former employees, are barred by the exclusivity provisions of the Illinois Workmen's Compensation Act, Ill.Rev.Stat.Ann. ch. 48, § 138.5 (Smith-Hurd Supp.1984–85), or the Illinois Workers' Occupational Diseases Act, Ill. Rev.Stat.Ann. ch. 48, § 172.40 (Smith-Hurd Supp.1984–85). Second, the defendant alleges that Count III fails to state a valid claim for relief since the Uniform Hazardous Substance Act, Ill.Rev.Stat.Ann. ch. 111½, § 251 et seq. (Smith-Hurd) does not apply to the industrial use or manufacturing of industrial products. Finally, the defendant contends that this action, as to all counts, cannot be maintained as a class action.

█ With regard to the defendant's first contention that the exclusive remedy provisions of the Workmen's Compensation Act and/or the Occupational Disease Act bar any common law action for the alleged injury, the Court holds that these provisions do not bar the plaintiffs' action. Initially, the Court notes that the exclusivity provisions of the Workmen's Compensation Act and the Workers' Occupational Diseases Act are homologous for purposes of judicial construction. *Dur-Ite Co. v. Industrial Commission,* 394 Ill. 338, 68 N.E.2d 717 (1946).

█ As a matter of established Illinois law, to escape the bar of exclusivity provisions the plaintiff must show that the injury (1) was not accidental; (2) did not arise out of employment; (3) was not incurred during the course of employment; or (4) was noncompensable under the act. *Fregeau v. Gillespie,* 96 Ill.2d 479, 71 Ill.Dec. 716, 451 N.E.2d 870 (1983). Here the only question is whether the injuries alleged were accidental. Plaintiffs contend that the injuries were not accidental but were intentional. The complaint alleges that the defendant intentionally, knowingly, and willfully exposed the plaintiffs to toxins by changing an industrial process. Several recent Illinois cases affirm the plaintiffs' argument.

In *Handley v. Unarco Indus. Inc.,* 124 Ill.App.3d 56, 79 Ill.Dec. 457, 463 N.E.2d 1011 (1984), plaintiffs-employees brought suit alleging murder, fraud, and battery; that the defendant employer intended to kill them and that defendant's conscious purpose was that asbestos would become trapped in the workers' bodies and that defendant intended bodily harm to plaintiffs. Additionally the complaint alleged fraud, in that defendant represented asbestos dust was harmless; that defendant knew this was false and that plaintiffs would become ill and die; that defendant knew the plaintiffs were not aware of the hazard and that defendant made the representations intending that the plaintiffs would rely upon them. The defendant's motion to dismiss based upon the exclusive remedy provisions Worker's Occupational Diseases Act was denied. The court recognized that these allegations were apparently posited to escape the exclusive remedies at the act, but held them sufficient to allege that the defendant directed, encouraged, or committed an intentional tort. Thus the action fell outside at the act's remedies. The court buttressed its holding by arguing that the balance established under the no-fault liability system of the Workers' Occupational Diseases Act and the Workmen's Compensation Act would be upset if the court allowed an employer who committed an intentional tort to use the Act as a shield against full liability thereby shifting liability throughout the system on other innocent employers.

In another asbestos case brought before the Federal District Court for the Northern District of Illinois the court had to decide whether the Illinois Worker's Compensation Act barred a complaint alleging an employer's intentional torts. *Matter of Johns-Mansville/Asbestosis cases,* 511 F.Supp. 1229 (N.D.Ill.1981). The court held that the complaint, which alleged a uniform and intentional policy to harm the employees, fell outside the Act's provision.

Other recent cases, while not precisely on point, implicitly support the plaintiffs' position. In *Mier v. Staley*, 28 Ill.App.3d 373, 381, 329 N.E.2d 1, 8 (1975), the court stated that "the only injuries, if any, outside the Act would be intentional torts." In *Jablonski v. Multack*, 63 Ill.App.3d 908, 20 Ill.Dec. 715, 380 N.E.2d 924 (1978), the court held that a corporate employer may not be the subject of a suit at common law by an employee for damages intentionally afflicted by a co-employer not acting as the employer's alter ego. The Illinois Supreme Court in *Collier v. Wagner Castings Company*, 81 Ill.2d 229, 41 Ill.Dec. 776, 408 N.E.2d 198 (1980), stated in dictum:

> Larson suggests that an intentional tortfeasor should not be able to shield his liability with the exclusivity provisions of a compensation statute premised on insuring accidental injuries ... but that if the injured party receives compensation pursuant to the Act, he or she should not be heard to subsequently allege their intentional nature.... Our Appellate Court, in *Jablonski v. Multack* (1978), 63 Ill.App.3d 908, 20 Ill.Dec. 715, 380 N.E.2d 924, has concluded that the law's paramount interest to avoid shielding from liability one who intends to do harm and, further, that the legislature could not be presumed to have intended to permit an intentional tortfeasor to shift his liability to a fund paid for with premiums collected from innocent employers.

81 Ill.2d at 238–39, 41 Ill.Dec. at 781, 408 N.E.2d at 203.

■ Thus, the exclusivity provisions of the Acts do not bar an employee from maintaining a common law action against his employer for an intentional tort. Here, the allegations of the complaint, taken as true and in a light most favorable to the plaintiffs, properly state a claim in intentional tort. As such, Count I falls outside the exclusive remedy provisions of the Workmen's Compensation Act, and the Occupational Disease Act.

■ The Court recognizes that this exception is subject to potential abuse. Any employee injured in the workplace may seek to avoid the exclusive remedy provisions by alleging that his employer intentionally caused the injury. However, while such allegations may not be susceptible to a motion to dismiss, they could, and should if unsupported, fall victim to a motion for summary judgment. Further, if the allegations are totally unfounded in fact, the defendant may recover its attorney's fees in defending the action.

■ The defendant next argues that Count III should be dismissed since the Uniform Hazardous Substance Act, Ill.Rev. Stat.Ann. ch. 111½, § 251 does not encompass or regulate the industrial manufacturing and industrial use of hazardous substances, and even if it did, it does not provide for a private cause of action. The plaintiffs have not responded to this argument. In any event, the defendant is correct. The Act was designed to relate to hazardous substances intended or suitable for household use. The act therefore is inapplicable to this case, since by-products from a coke oven at a steel manufacturing plant are not substances intended or suitable for household use. Thus, Count III fails to state a claim upon which relief can be granted.

Finally, the defendants maintain that this action cannot be maintained as a class action. The Court reserves ruling on the class certification issue until both parties have more fully briefed the relevant issues.

Accordingly, the defendant's Motion to Dismiss (Document No. 6) is GRANTED IN PART and DENIED IN PART. Count III of the complaint is hereby DISMISSED. The plaintiffs are ORDERED to file a memorandum in support of class certification within thirty (30) days from the date of this Order. The defendant may then respond to this memorandum no later than fifteen (15) days after receiving it.

IT IS SO ORDERED.