NO. 4-96-0888

                          IN THE APPELLATE COURT

                                OF ILLINOIS

                              FOURTH DISTRICT

LARRY WILLFONG,                          )  Appeal from

          Plaintiff-Appellant,           )  Circuit Court of

          v.                             )  Champaign County

DEAN EVANS COMPANY, a Foreign            )  No. 94L466

Corporation, and EUGENE WARD,            )

          Defendants-Appellees.          )  Honorable

                                         )  John G. Townsend,

                                         )  Judge Presiding.

_______________________________________________________________

          JUSTICE McCULLOUGH delivered the opinion of the court:

          Plaintiff Larry Willfong appeals from the entry of sum-

mary judgment in his personal injury action against defendants

Eugene Ward and Dean Evans Company (Company), which effectively

limited plaintiff's remedy for injuries sustained in the course

of his employment with the University of Illinois to benefits

available pursuant to the Workers' Compensation Act (Act) (820

ILCS 305/1 et seq. (West 1994)).  Plaintiff alleges that summary

judgment was improper because genuine issues of fact exist with

respect to whether Ward was a "loaned employee" within the mean-

ing of the Act (820 ILCS 305/1(a)(4) (West 1994)), based on

defendants' admission that Ward was employed by the Company and

acting within the course and scope of his employment at the time

of plaintiff's injury.  We disagree and affirm.

          Summary judgment is a drastic means of terminating

litigation and is only to be granted when there are no genuine

issues of material fact and the movant is entitled to judgment as

a matter of law.  Crum & Forster Managers Corp. v Resolution 

Trust Corp., 156 Ill. 2d 384, 390-91, 620 N.E.2d 1073, 1077

(1993).  In ruling on a motion for summary judgment, the circuit

court construes all pleadings, depositions, affidavits, and ad-

missions on file most strictly against the moving party.  In re

Estate of Hoover, 155 Ill. 2d 402, 410-11, 615 N.E.2d 736, 739-40

(1993).  On appeal, review of the evidence of record is de novo. 

Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill.

2d 90, 102, 607 N.E.2d 1204, 1209 (1992).  If what is contained

in the pleadings and affidavits would have constituted all of the

evidence before the court, and upon such evidence there would be

nothing left to go to a jury such that the court would be re-

quired to direct a verdict, then summary judgment should be en-

tered.  Fooden v. Board of Governors of State Colleges & Univer-

sities, 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500 (1971).  The

record in a summary judgment procedure is to be tested under the

same standards as a directed verdict, i.e., whether all the evi-

dence, viewed in a light most favorable to the opponent, so over-

whelmingly favors the movant that no other verdict would be per-

mitted to stand.  Weber v. Northern Illinois Gas Co., 10 Ill.

App. 3d 625, 635, 295 N.E.2d 41, 47 (1973).  

          Plaintiff was injured during the course and scope of

his employment with the University of Illinois (University) when

he was struck in the foot with the bucket from a backhoe operated

by Ward on University property.  Based on the depositions and

affidavit attached to the motion for summary judgment, the fol-

lowing facts are not in dispute:  (1) Ward was hired by the Com-

pany, a general contractor, to work exclusively at the University

as a heavy equipment operator; (2) the Company issues a weekly

paycheck to Ward, less appropriate deductions, based upon the

work he does at the University and the Company is reimbursed for

those wages by the University plus a contractually required

amount; (3) Ward reports directly to the University for work

assignments and not to any employee of the Company; (4) the Com-

pany provides no tools or equipment for Ward to perform his work

at the University; (5) the Company provides no direction of the

work performed by Ward at the University; (6) the University and

not the Company notifies Ward about the availability of work and

sends him home when there is no work for him; and (7) Ward re-

tired from employment with the University in 1991 and immediately

began work for the Company, working exclusively at the University

in the same capacity.

          An employee in the general employment of one employer

may be loaned to another for the performance of special work and

become the employee of the employer to whom he is loaned while

performing the special service; whether such transfer of employ-

ment occurs depends on the right of the borrowing employer to

control the employee with respect to the work performed.  A.J.

Johnson Paving Co. v. Industrial Comm'n, 82 Ill. 2d 341, 346-47,

412 N.E.2d 477, 480 (1980).  An employee in the general employ-

ment of one entity may be loaned to another for the performance

of special work and become the employee of the entity to whom he

is loaned while performing the special services.  Bituminous

Casualty Corp. v. Wilson, 119 Ill. App. 3d 454, 459-60, 456

N.E.2d 696, 700 (1983).  Although the existence of a loaned em-

ployee relationship is generally a question of fact, it becomes a

question of law where the facts are undisputed and capable of

only one inference.  Haight v. Aldridge Electric Co., 215 Ill.

App. 3d 353, 366, 575 N.E.2d 243, 252 (1991).  The fact that the

employee does not receive his wages from the borrowing employer

will not defeat the existence of a loaned employee relationship. 

A.J. Johnson, 82 Ill. 2d at 349, 412 N.E.2d at 481.

          Section 5(a) of the Act contains the exclusive remedy

provisions and provides in pertinent part:

               "No common law or statutory right to

          recover damages from the employer *** or the

          agents or employees of [the employer] for

          injury or death sustained by any employee

          while engaged in the line of his duty as such

          employee, other than the compensation herein

          provided, is available to any employee who is

          covered by the provisions of this Act."  820

          ILCS 305/5(a) (West 1994).

It has long been the law in Illinois that section 5(a) of the Act

bars negligence claims against coemployees for injuries arising

from or in the course of employment (Jablonski v. Multack, 63

Ill. App. 3d 908, 380 N.E.2d 924 (1978); Sjostrom v. Sproule, 33

Ill. 2d 40, 210 N.E.2d 209 (1965)), unless the injury was inten-

tional (Meerbrey v. Marshall Field & Co., 139 Ill. 2d 455, 472,

564 N.E.2d 1222, 1230 (1990)).

          In Haight, the plaintiff filed suit for injuries sus-

tained by Kraemer in an automobile accident with defendant

Trujillo, who was employed by Ald-Cass Electric, Inc. (Ald-Cass). 

The evidence indicated that prior to and at the time of the acci-

dent, Ald-Cass had contracted Trujillo's labor to Aldridge Elec-

tric Company, Inc. (Aldridge).  Ald-Cass paid Trujillo's wages

but billed Aldridge for his time plus a premium.  Trujillo took

directions and instructions from the Aldridge foreman and worked

on the Aldridge site.  Trujillo operated Aldridge equipment at

the jobsite and was driving a vehicle owned by Aldridge at the

time of the accident.  The appellate court affirmed the entry of

a directed verdict in favor of Ald-Cass on the issue of whether

Trujillo was its agent at the time of the accident, finding that

Trujillo was a loaned servant and no longer an agent of Ald-Cass. 

Haight, 215 Ill. App. 3d at 367, 575 N.E.2d at 253.

          In Bituminous Casualty Corp., an action for declaratory

judgment with facts similar to the case at bar, Wilson, an em-

ployee injured on the work site, brought suit against the Frisch

Contracting Service Company (Frisch), the employer of the heavy-

duty-equipment operator who had injured Wilson.  The facts indi-

cated that Wilson's employer had rented heavy equipment and an

operator from Frisch.  The Frisch operator took directions and

instructions of how to perform certain job functions from Wil-

son's employer.  Wilson's employer supervised the jobsite and

told the Frisch operator when to go home.  Frisch paid the

operator's wages but Wilson's employer reimbursed Frisch.  The

court found the Frisch operator to be a loaned employee of Wil-

son's employer and Wilson's remedy was available only pursuant to

the Act.  Bituminous Casualty Corp., 119 Ill. App. 3d at 460-61,

456 N.E.2d at 700-01.

          The undisputed significant facts in this case are lit-

tle different from those in Bituminous and clearly show Ward to

be a loaned employee of the University within the meaning of the

Act.  Plaintiff's contention that an issue of fact sufficient to

defeat summary judgment is created by defendants' admission that

Ward was employed by the Company at the time of plaintiff's inju-

ry is without merit.  Ward operated heavy equipment owned by the

University on the University's jobsite.  University personnel

notified Ward about the availability or lack of work and Ward

took directions and supervision only from University personnel. 

While the Company paid Ward's wages, it was reimbursed by the

University under a cost-plus contractual arrangement.  Ward per-

formed the same tasks for the University as when he had prior to

his retirement.  Under such a scenario, Ward was a loaned employ-

ee of the University and a coemployee of plaintiff.  Therefore,

plaintiff is precluded from bringing a civil action against him

pursuant to section 5(a) of the Act.  Since Ward cannot be held

liable to the plaintiff, the Company cannot be held liable to

plaintiff under a respondeat superior theory.  See Smith v. Chi-

cago Limousine Service, Inc., 109 Ill. App. 3d 755, 760-61, 441

N.E.2d 81, 85 (1982) (there can be no liability on the part of a

principal under the respondeat superior doctrine unless the agent

is also held liable).

          The entry of summary judgment is affirmed.

          Affirmed.

          GARMAN and COOK, JJ., concur.