**Thomas August HENSLEY, Plaintiff,**

**v.**

**UNITED STATES of America; Al Johnson Construction Company, a Corporation; and Continental Drilling Company, a Corporation, Defendants.**

**Civ. No. 2716.**

United States District Court
D. Montana,
Great Falls Division.

Feb. 2, 1968.

build the Swift River Dam in Pondera County, Montana. The defendant, Al Johnson Construction Company (Johnson), was awarded the prime contract. The contract contained a clause providing that

> "The contractor shall at all times be fully responsible for and exercise reasonable precaution for the health and safety of his employees engaged in the performance of the work under this contract. He shall comply with all applicable provisions of Federal, State, and municipal safety, health, and sanitation statutes and codes. It is recommended that the Manual of Accident Prevention in Construction, published by The Associated General Contractors of America, also be used as a guide in establishing safe practices for construction work."

The plaintiff, an employee of Johnson, was required to snip some wires from the face of the dam. He was supported on a lifeline, a three quarter inch manila rope with a steel core, which was fastened to his safety belt with a half inch manila rope. The half inch line parted and plaintiff was injured when he fell down the face of the dam. It may be assumed for the purposes of this opinion that the rope was defective and that with respect to it Johnson failed to abide by the safety provisions of the contract. Johnson and plaintiff had elected to be bound by the provisions of the Montana Workmen's Compensation Law and plaintiff is being compensated under that law.

Bretz & Gabriel, Great Falls, Mont., for plaintiff.

Moody Brickett, U. S. Atty., Butte, Mont., for the United States.

Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendant, Continental Drilling Co., Cure & Borer, Great Falls, Mont., for defendant, Al Johnson Const. Co.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

The United States, acting through the Bureau of Reclamation, undertook to

Plaintiff seeks to recover from Johnson on the theory that although any action which he might have against Johnson resulting from common-law negligence is barred by Section 92–204, R.C.M. 1947,[1] that the contract between the Unit-

---

1. "Where both the employer and employee have elected to come under this act, the provisions of this act shall be exclusive, and such election shall be held to be a surrender by such employer and such employee, as between themselves, of their right to any other method, form or kind of compensation, or determination thereof, or to any other compensation, or kind of determination thereof, or cause of action, action at law, suit in equity, or statutory or common-law right or remedy, or proceeding whatever, for or on account of any personal injury to or death of such employee, except as such rights may be hereinafter specifically granted." Section 92–204, R.C.M.1947.

ed States and Johnson gave plaintiff contract rights and that these contract rights are not barred. The plaintiff also asserts that defendant's actions were willfully done and not therefore within the provisions of Section 92–204.

■ For the purpose of this opinion the court assumes, without deciding, that parties may by contract vest in workmen rights to benefits which are greater than those provided by the Workmen's Compensation Act and that a workman would not be prevented from asserting those rights by Section 92–204. When these assumptions are made the question is then posed: May an employee as a third party beneficiary of the safety clauses in a contract between an employer and an owner maintain an action for the employer's breach of those safety clauses in the absence of a promise in the contract to pay damages? The answer is No.

Under the provisions of Section 13–204, R.C.M.1947, a third party may enforce a contract made expressly for his benefit. The Montana Supreme Court has held the words "expressly for the benefit" means "in direct terms" and the fact that the contract may incidentally benefit a third person is not sufficient to authorize the third person to enforce it.[2] The Court of Appeals for the Ninth Circuit in National Surety Co. of New York v. Ulmen, 68 F.2d 330 (9 Cir. 1933), cert. den. 292 U.S. 624, 54 S.Ct. 629, 78 L.Ed. 1479 (1934), after an extensive review of the Montana authorities, concluded that a contract of the kind involved here is not enforceable by a third party. In that case the plaintiff Ulmen, injured when he ran into an open excavation in a road under construction, had recovered a judgment against one Schwieger, the road contractor, who had not erected the barriers nor given the warnings required by his contract with the state. The contract specifically provided that the contractor should "take all necessary precautions for the * * * safety of the public". As pointed out in the opinion if Ulmen, as a matter of Montana law, had a right to recover damages for a breach of that contract, then the surety whose obligation was coextensive with that of the principal, was obligated, otherwise not. The court held that Ulmen did not have a right to enforce the contract against Schwieger, saying:

"In view of the foregoing decisions of the Supreme Court of Montana, it is our view that in that state, a third person who is a stranger to a contract or a bond thereunder, cannot recover from the surety even when the contract and bond, as here, contain some reference to him or to the class to which he belongs, unless there is a specific promise to *pay* such third person or such class, contained in the contract and bond. The mere statement of a *duty* to be discharged by the contractor, which may incidentally benefit a third party or class to which the latter belongs, without more, does not make the surety liable to such third person for the contractor's failure to discharge that duty." Id. at 336.

The result reached is fortified by Western Auto Supply Agency v. Phelan, 104 F.2d 85 (9th Cir. 1939) which reaches the same result without substantial discussion, and West v. Atkinson Construction Co., Cal.App., 59 Cal.Rptr. 286 (1967), which directly holds that a contract similar to the one here involved is not within the California third party beneficiary statute which is the same as the Montana statute. See also: McClendon v. T. L. James & Company, 231 F. 2d 802 (5 Cir. 1956).

■■ The plaintiff's theory that the defendant's conduct was willful and that he has a common law remedy against the defendant is foreclosed by the case of McGrew v. Consolidated Freightways, Inc., 141 Mont. 324, 377 P.2d 350 (1963). In that case the plaintiff was the victim of an assault committed by defendant's foreman. The quarrel leading to the assault was generated by the employment and the court held that benefits of the

2. McKeever et al. v. Oregon Mortgage Co., Ltd., 60 Mont. 270, 198 P. 752 (1921).

compensation act were exclusive. This case is much weaker in terms of "wilfulness" and in addition the employee here, by accepting the benefits of the workmen's compensation law is foreclosed from now asserting that his injuries did not arise in the course of his employment.

In the consideration of Johnson's motion to dismiss, the court has considered the deposition of the plaintiff and the general provisions of the contract which is attached as an exhibit to the brief of the United States. The court therefore treats the motion to dismiss as a motion for summary judgment. The contract referred to is not authenticated however and if plaintiff relies on other or different contracts which might change the result, the plaintiff may so indicate within twenty (20) days from this date; otherwise the court will at the expiration of such time grant a summary judgment.