No. 12928

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

TERRY D. BROWN,

Plaintiff and Appellant,

-vs-

STAUFFER CHEMICAL CO., A Corporation,
and LeRoy Mehring, an Individual,

Defendants and Respondents.

---

Appeal from: District Court of the Second Judicial District,
Honorable John B. McClernan, Judge presiding.

Counsel of Record:

For Appellant:

McKittrick and Duffy, Great Falls, Montana
Joseph Duffy and Leslie Waite, III, argued, Great
Falls, Montana

For Respondent:

Corette, Smith and Dean, Butte, Montana
Robert H. Prigge argued, Butte, Montana

---

Submitted: June 17, 1975

Decided: JUL 3 0 1975

Filed:

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a summary judgment in favor of defendant Stauffer Chemical Co., and an appeal from a damage award of $1.00 in favor of plaintiff Terry D. Brown and against defendant LeRoy Mehring.

The complaint alleges that Brown was an employee of Stauffer and that Mehring was a supervisory employee of Stauffer. That Brown was hired on or about December 4, 1972, and worked until December 23, 1972, at an hourly rate of pay at Stauffer's plant near Silver Bow, Montana.

At the time Brown was employed, he was eighteen years of age. There was no written contract.

Brown alleges that while he was working for Stauffer, his supervisor Mehring engaged in a "constant course of action of harassment." Asked what this consisted of, Brown said in answer to interrogatories:

> "INTERROGATORY NO. 6: Set forth all the facts, actions and circumstances alleged by you in Paragraph 6 of Count I of your Complaint of an alleged 'constant course of action of harassment' by the Defendant Mehring.
>
> "ANSWER: The time was 7:45 p.m. when I was in the office at the hill. I was talking on the phone when LeRoy came into the office. The first thing he did was say, 'Let's go sweetheart'. Well, I told him my name wasn't sweetheart! He said, 'O.K., Sweetheart.' And that's when I called him a scab. Right away he said 'Do you want to go home, boy?' I didn't say anything, I just hung up the phone and he started getting on my back some more. He said I was fired and I said, 'What for, calling you a scab?' He said, 'Yeah!' I went out of the office into the lunchroom to get my stuff together when LeRoy came in again. He started telling me to get out of there. He said, 'I told you you are fired.' And he kept telling me to get out. I told him to 'get off my back' and that I'd go when I got my coat and bucket. He kept telling me to get out so I got my stuff together and left. Mehring continually called me 'sweetheart' as well as obscene names and gave me <u>pats on the rear at different times.</u>" (Emphasis supplied)

The same alleged facts are asserted by Brown as to his allegation of "willful and malicious assault and injuries and humiliation."

Brown asserts that he was "covered by, protected by" and had the benefits of an agreement between Stauffer and Butte Teamsters Union, Local No. 2 effective June 28, 1972. Brown admits that he was covered by all of the provisions of that agreement, including the following:

"INTERROGATORY NO. 13: In the event that you claim any rights under said agreement between Stauffer Chemical Company and Butte Teamsters Union, Local No. 2, does Section 7.5 reading as follows:

"'7.5 An employee shall be on probation until he has worked up to thirty (30) calendar days following the date of his employment unless the probationary period is extended by mutual agreement. If the employee is retained after his probationary period, his name shall be added to the seniority list as of the date of his last employment. The company may, in its sole dis- cretion, terminate the employment of an employee on probation.'

"apply to your period of employment by Stauffer Chemical Company?

"ANSWER: I had not worked 30 calendar days prior to my dismissal." (Emphasis supplied.)

The above constitutes all of the evidence on "wrongful discharge."

It is clear from Brown's own admission that he had not worked thirty calendar days and was still on probation. He has completely admitted that during those thirty calendar days:

"The Company may, in its sole discretion, terminate the employment of an employee on probation."

The trial court had ample and sufficient evidence to grant a motion for summary judgment for Stauffer as a matter of law.

In Count II of the complaint plaintiff alleges general damages of $1,000 against Stauffer and punitive damages of $50,000 for alleged acts constituting willful and malicious assault and humiliation.

In light of section 92-204.1, R.C.M. 1947, and McGrew v. Consolidated Freightways, Inc., 141 Mont. 324, 377 P.2d 350,

- 3 -

Brown's sole remedy against his employer Stauffer for assault, if any, was a claim under the Workmen's Compensation Act.

The trial court was completely justified in granting summary judgment for Stauffer when the answers to defendant's interrogatories were fully sufficient to show that there was no genuine issue of material fact as to Stauffer's liability toward Brown for wrongful discharge or assault and battery.

As to the issue of damages of $1.00 only as against Mehring, the entire basis for the claimed damages are the same as previously quoted from the answer to Interrogatory No. 6. Put simply that basis is---Mering called me "sweetheart" as well as obscene names and gave me pats on the rear at different times. These are all the facts of the so-called assault and battery. Obviously the mere words are not an assault; and certainly in a plant working environment a "pat on the rear" is hardly actionable assault and battery. The entire exchange is insignificant and Montana's 1947 Revised Codes, section 49-125, states "The law disregards trifles". Even assuming that a battery occurred, the award of nominal damages is all that is required. The trial court was justified in its ruling that the record disclosed no genuine issue of material fact on punitive damages.

The material facts were contained in the complaint and answers to interrogatories. There simply was not justiciable issue as to defendant Stauffer and summary judgment was correct. Nominal damages of $1.00 as against defendant Mehring are also justified on this record, and this Court does not wish to indulge in an extended discussion of law on such a trifling matter.

The judgment is affirmed.

_____
                    Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.