[No. 11289-9-I.   Division One.   June 25, 1984.]

MARGARET HARDY, *Appellant*, v. THE STATE OF
WASHINGTON, *Respondent*.

*Greive & Law* and *Timothy A. Law*, for appellant.

*Kenneth O. Eikenberry, Attorney General*, and *Narda Pierce, Assistant*, for respondent.

WILLIAMS, J.—Margaret Hardy brought this action against the State of Washington for intentional infliction of emotional distress. The trial court granted summary judgment for the State on the ground that her claim was barred by the Industrial Insurance Act, RCW Title 51. Hardy appeals.

Margaret Hardy had been employed by the State at Fircrest School, a school for the retarded, since 1959. Beginning in 1974, her supervisor, Dorothy Baker, openly criticized, ridiculed and harassed Hardy about her work. Baker also sought to ostracize Hardy from the other employees. Baker did so, Hardy asserts, because she knew about Baker's payroll fraud (Baker later pleaded guilty to a theft charge) and because Hardy sided with another employee against Baker in a union grievance proceeding (Baker's charges were rejected by the personnel board). Hardy also contends that Baker's deliberate acts of harassment were intended to force Hardy to quit work. In 1978, Hardy took a medical leave of absence and did not return to Fircrest.

Although the Industrial Insurance Act abolishes most causes of action for personal injuries suffered by a worker in his employment, RCW 51.24.020 provides

> Action against employer for intentional injury. If injury or death results to a worker from the deliberate intention of his or her employer to produce such injury or death, the worker, surviving spouse, child, or dependent of the worker shall have the privilege to take under this title and also have cause of action against the employer as if this title had not been enacted, for any excess of damages over the amount received or receivable under this title.

Under this statute, an employee has an action against his employer for injuries resulting from an intentional tort committed by the employee's supervisor if the supervisor was acting within the scope of his employment at the time of the intentional act and the supervisor had a deliberate intention to do injury. *Perry v. Beverage,* 121 Wash. 652, 209 P. 1102, 214 P. 146 (1922). Whether the act complained

of was committed with a deliberate intention to do injury is a question for the jury. *Perry,* at 659. While "scope of employment" is normally a jury question, where there can be only one reasonable inference from the undisputed facts, the issue may be resolved via summary judgment. *Strachan v. Kitsap Cy.,* 27 Wn. App. 271, 274–75, 616 P.2d 1251, *review denied,* 94 Wn.2d 1025 (1980).

Baker was not acting within the scope of her employment when she harassed and ridiculed Hardy. A supervisor's intentional actions directed toward a subordinate, occasioned solely by ill will, jealousy, hatred or other ill feelings, are not, as a matter of law, within the scope of the supervisor's employment. *Kuehn v. White,* 24 Wn. App. 274, 277, 600 P.2d 679 (1979). If a servant steps aside from his master's business and, in order to effect some purpose of his own, commits an intentional tort, the master is not liable. *Kyreacos v. Smith,* 89 Wn.2d 425, 429, 572 P.2d 723 (1977). Because Baker was not acting within the scope of her employment when she harassed and ridiculed Hardy, the order granting summary judgment was proper.

The judgment is affirmed.

CALLOW and RINGOLD, JJ., concur.

Review denied by Supreme Court October 19, 1984.