79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bill CUTCHIN, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., Defendant-Appellee.
 Nos. 95-2152, 95-2514.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 7, 1996.
Decided March 19, 1996.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Bill Cutchin was accused by personnel of Wal-Mart Stores, Inc. ("Wal-Mart") of stealing store merchandise and was terminated. He brought suit against Wal-Mart alleging a number of claims stemming from an interrogation that took place regarding his alleged theft. The district court dismissed three of his four claims pursuant to Fed.R.Civ.P. 12(b)(6) and granted summary judgment to Wal-Mart on the fourth. For the following reasons, we affirm those decisions.
 
 Background
 
 2
 In November 1992, Cutchin was employed by Wal-Mart as a member of the night maintenance crew at a store located in Carmi, Illinois. He had no employment contract. On November 18, 1992, a security camera filmed him removing a package that appeared to be a pack of cigarettes from underneath a display unit and placing the package in his pocket. Wal-Mart procedures require that merchandise found by the night maintenance crew be placed on a specific shelf to be dealt with upon arrival of the store's managers. Cutchin neither placed the package on that shelf, nor notified management of what he had found. On November 20, 1992, after management reviewed the videotape, Cutchin was escorted to a small training room at the store where he was questioned by a Wal-Mart internal investigator, Travis Newton. During the questioning, Newton allegedly called Cutchin "a thief," shook his finger at him, and stood close enough to him that he could feel droplets of Newton's saliva. Cutchin was subsequently terminated.
 
 
 3
 The case originally came before the district court in two separate complaints. The first alleged negligent and intentional infliction of emotional distress, as well as breach of the implied covenant of good faith and fair dealing. The second alleged assault and battery. The district court dismissed the first complaint pursuant to Fed.R.Civ.P. 12(b)(6) and granted Wal-Mart summary judgment on the second. Cutchin appeals those decisions.
 
 Discussion
 
 4
 We review both the dismissal of a claim pursuant to Fed.R.Civ.P. 12(b)(6) and the grant of summary judgment de novo. Baxter Healthcare Corp. v. O.R. Concepts, 69 F.3d 785, 787 (7th Cir.1995); Smith v. Shawnee Library Sys., 60 F.3d 317, 320 (7th Cir.1995).
 
 
 5
 The dismissal of plaintiff's claim for breach of the implied covenant of good faith and fair dealing was proper. Under Illinois law, "the implied covenant of good faith and fair dealing is not an independent source of duties for the parties to a contract.... [It] merely guides the construction of the explicit terms of the agreement." O.R. Concepts, 69 F.3d at 792. In other words, it does not provide the basis of an independent tort. Moreover, the implied covenant of good faith and fair dealing does not apply in employment at-will situations, such as here:
 
 
 6
 The implied covenant of good faith and fair dealing requires a party vested with discretion to exercise that discretion reasonably, with proper motive and in a manner consistent with the reasonable expectations of the parties. Since Illinois law has consistently held that an employee at-will may be terminated for any reason, an employee at-will has no reasonable expectation that he will be terminated only for cause, and the implied covenant of good faith and fair dealing cannot require the parties to exceed that reasonable expectation. Beraha v. Baxter Healthcare Corp., 956 F.2d 1436, 1444-1445.
 
 
 7
 Cutchin's claim for breach of the implied covenant of good faith and fair dealing was properly dismissed.
 
 
 8
 With regard to Cutchin's other claims against Wal-Mart, the Illinois Worker's Compensation Act ("Act") contains an exclusivity provision dictating that an employee has "[n]o common law or statutory right to recover damages from the employer ... or [its] agents or employees" for accidental injuries incurred in the course of employment. 820 ILCS 305/5(a) (1992). Instead, the Act provides the exclusive remedy by establishing liability without fault and by abrogating common-law defenses. See Richardson v. County of Cook, 250 Ill.App.3d 544, 547, 621 N.E.2d 114, 117 (1st Dist.1993). Given that injuries resulting from negligent torts committed in the work place are "accidental," Cutchin's claim for negligent infliction of emotional distress is preempted by the Act and his claim was properly dismissed. See, e.g., Small v. Chicago Health Clubs, Inc., 843 F.Supp. 398, 402-403 (N.D.Ill.1994) (cause of action for negligent infliction of emotional distress preempted by the Act).
 
 
 9
 The Act can also preempt common law causes of action for injuries intentionally inflicted by co-workers. See, e.g., Juarez v. Ameritech Mobile Communications, 957 F.2d 317 (7th Cir.1992) (intentional infliction of emotional distress); Rodriguez v. Industrial Commission, 95 Ill.2d 166, 447 N.E.2d 186 (1983) (battery). However, the Act will not bar a cause of action "for injuries which the employer or its alter ego intentionally inflicts upon an employee or which were commanded or especially authorized by the employer." Meerbrey v. Marshall Field & Co., 139 Ill.2d 455, 464, 564 N.E.2d 1222, 1226 (1990). To state a valid claim against a Wal-Mart for authorizing the alleged conduct of Newton, Cutchin would have had to assert that Wal-Mart "possessed a specific intent to inflict injury upon [him]." Al-Dabbagh v. Greenpeace, 873 F.Supp. 1105, 1112 (N.D.Ill.1994). Cutchin made no such allegation. Similarly, Cutchin made no allegation that Newton should be characterized as the "alter-ego" of Wal-Mart, as opposed to a supervisory employee. Jablonski v. Multack, 63 Ill.App.3d 908, 913, 380 N.E.2d 928, 928 (5th Dist.1978) ("The correct distinction to be drawn ... is between a supervisory employee and a person who can genuinely be characterized as the alter ego of the corporation.") (quoting 2A Larson, The Law of Workmen's Compensation, § 68.22). He alleges only that Newton was "in a position of actual or apparent authority over Cutchin" because Newton "had the authority to terminate Cutchin's employment." Even if we assume that allegation is true, it does not follow that Newton was acting as Wal-Mart's "alter ego" when he engaged in the conduct Cutchin alleges, or that he was especially authorized by Wal-Mart to do so. See Richardson, 250 Ill.App.3d at 548, 621 N.E.2d at 118 ("The mere allegation that defendants were acting within the scope of their authority 'is not equivalent to an allegation that [the employer] expressly authorized [them] to commit the specific acts in question.' ") (quoting Meerbrey, 139 Ill.2d at 465, 564 N.E.2d at 1222). Thus the dismissal of Cutchin's claim of intentional infliction of emotional distress was proper, as was the grant of summary judgment to Wal-Mart on his claim for battery.
 
 
 10
 Judgment affirmed.