Diane EICHSTADT, Appellant–
Plaintiff,

v.

FRISCH'S RESTAURANTS, INC.,
Appellee–Defendant.

No. 15A04–0705–CV–267.

Court of Appeals of Indiana.

Jan. 31, 2008.

Douglas C. Holland, Lawrenceburg, IN, Attorney for Appellant.

Jeremy S. Rogers, Dinsmore & Shohl LLP, Louisville, KY, Louise S. Brock, Dinsmore & Shohl LLP, Cincinnati, OH, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Diane Eichstadt appeals the dismissal of her case against Frisch's Restaurants, Inc. ("Frisch's") for injuries occurring when Eichstadt was struck by Darrell Campbell, the manager of the restaurant where Eichstadt worked, which was owned by Frisch's. She raises several issues, of which we find one dispositive: whether the trial court erred in dismissing her case pursuant to Indiana Trial Rule 12(B)(1), lack of subject matter jurisdiction, because Eichstadt's injuries fell within the exclusive remedy provisions of Indiana's Worker's Compensation Act ("WCA"), IC 22–3–3–10.[1]

---

[1] The trial court also granted dismissal, in the alternative, under Indiana Trial Rule 12(B)(6) because Eichstadt's complaint failed to state a claim upon which relief may be granted. Eichstadt argues that this was improper because her complaint alleged facts sufficient to

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 31, 2005, Eichstadt was employed by Frisch's as an hourly worker at the Golden Corral restaurant in Lawrenceburg, Indiana. Campbell was the manager of the Golden Corral restaurant and Eichstadt's supervisor. On that date, while Eichstadt was working at the restaurant, Campbell came up behind her and struck her on the buttocks with a clipboard, causing injury to her. The blow was so hard that "it lifted [Eichstadt] off of her feet." *Appellant's App.* at 8. As a result of this incident, Campbell was disciplined and was eventually terminated.

On February 23, 2006, Eichstadt filed a complaint for damages against Campbell and Frisch's, in which she claimed that she was injured as a direct result of being hit by Campbell with the clipboard. On April 6, 2006, Frisch's filed a motion to dismiss Eichstadt's complaint because the trial court lacked subject matter jurisdiction over the claims due to the Exclusivity Rule of the WCA and for failure to state a cognizable claim of *respondeat superior* liability against Frisch's for Campbell's intentional tort. On April 7, 2006, Eichstadt filed a motion for permission to take written discovery of Frisch's for the purpose of responding to the motion to dismiss. The trial court granted the motion. An evidentiary hearing was held on the question of subject matter jurisdiction, and on November 17, 2006, the trial court issued an

order granting the motion to dismiss. The trial court found that Eichstadt had failed to exhaust her administrative remedies pursuant to the Exclusivity Rule of the WCA because she did not show that Campbell was the alter ego of Frisch's or that her injuries were the intended result of a policy or decision of Frisch's. *Appellant's App.* at 32–33. As a result, Eichstadt's complaint was dismissed for lack of subject matter jurisdiction. Additionally, the trial court found that Eichstadt had alternatively failed to state a claim upon which relief may be granted. *Id.* at 33. Eichstadt now appeals.

## DISCUSSION AND DECISION

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1), 'the court may consider not only the complaint and motion but also any affidavits or evidence submitted in support.'" *Hatke v. Fiddler,* 868 N.E.2d 60, 63 (Ind.Ct.App. 2007) (citing *GKN Co. v. Magness,* 744 N.E.2d 397, 400 (Ind.2001)). Additionally, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts.[2] *Id.* The standard of review for the trial court's ruling is dependent upon whether the trial court resolved disputed facts, and if so, whether it conducted an evidentiary hearing or ruled on a paper record. *Johnson v. Patriotic Fireworks, Inc.,* 871 N.E.2d 989, 992 (Ind. Ct.App.2007). Where, as here, the facts before the trial court were in dispute, and an evidentiary hearing was held, we will

support a claim that Frisch's was vicariously liable for Campbell's actions under the doctrine of *respondeat superior*. Because we conclude that the trial court did not have subject matter jurisdiction over Eichstadt's claims, we do not reach the issue of whether the trial court properly dismissed her complaint under Trial Rule 12(B)(6).

2. Eichstadt claims that the trial court erred in allowing testimony to be presented and exhibits to be admitted at the hearing on the motion to dismiss. Because, as stated above, the trial court is allowed to consider evidence submitted in support of the motion and may weigh the evidence when determining if it has subject matter jurisdiction, we conclude that the trial court did not err in allowing evidence to be presented at the hearing.

give the trial court's factual findings and judgment deference. *Argabright v. R.H. Marlin, Inc.*, 804 N.E.2d 1161, 1165 (Ind. Ct.App.2004), *trans. denied.* We will only reverse if the findings and judgment are clearly erroneous. *Id.*

■■■ Initially, Eichstadt argues that the trial court applied an improper legal standard in ruling on the motion to dismiss. In the order granting Frisch's motion to dismiss, the trial court stated that Eichstadt failed to meet her burden of proving that Campbell's act was not accidental under the WCA. Eichstadt claims that this was error because she did not have the burden of proof. "Whether the Worker's Compensation Board and not the trial court had jurisdiction is a question on which the opponent of jurisdiction would typically carry the burden of proof." *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind.1994). However, "[o]nce the defendant raises the issue of the exclusivity of the Act, the burden shifts to the employee to prove that the claim falls outside the scope of the Act." *Branham v. Celadon Trucking Servs., Inc.*, 744 N.E.2d 514, 519 (Ind.Ct.App.2001), *trans. denied.* In order to meet this burden, the employee must present evidence supporting jurisdiction and not merely rely on the pleadings. *Id.* The trial court did not apply an incorrect legal standard in its ruling on the motion to dismiss.

Eichstadt next argues that the trial court erred when it found that it lacked subject matter jurisdiction over her complaint and granted the motion to dismiss filed by Frisch's. She specifically contends that her complaint is not barred by the exclusivity provision of the WCA because her injuries did not occur by accident. She claims that this is because Campbell committed an intentional act against her, and this act should be imputed to Frisch's.

■■■ The WCA provides the exclusive remedy against an employer for injuries occurring by accident, that arise out of and in the course of the injured party's employment. IC 22–3–2–2; IC 22–3–2–6; *Tippmann v. Hensler*, 716 N.E.2d 372, 374–75 (Ind.1999). When determining subject matter jurisdiction, the trial court must first determine whether the injury at issue occurred "by accident." *Tippmann*, 716 N.E.2d at 375 (citing *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969, 973 (Ind.1986)). If the injury did not occur "by accident," then the WCA does not apply and the trial court has jurisdiction. *Id.* Our Supreme Court has concluded that "an injury occurs 'by accident' only when neither the sufferer nor the employer intends it to result." *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1274 (Ind. 1994).

■■■ Before an injury can be said to have been intended by an employer, two requirements must be met. *Foshee v. Shoney's Inc.*, 637 N.E.2d 1277, 1281 (Ind. 1994). First, the employer itself must have intended the injury. *Id.* It must be the *employer* who harbors the intent and not merely a supervisor, manager, or foreman.[3] *Baker*, 637 N.E.2d at 1275. Sec-

---

3. Indiana is among the majority of states that do not allow a common law suit against the employer when the person who intentionally injures the employee is not the employer in person or a person who is an alter ego of the corporation, but merely a foreman, supervisor, or manager. *See e.g., Elliott v. Brown*, 569 P.2d 1323 (Alaska 1977) (concluding that supervisory employee was a third person under the statute that made workers' compensation exclusive remedy and therefore employer immunized from action); *Fretland v. County of Humboldt*, 69 Cal.App.4th 1478, 82 Cal. Rptr.2d 359 (1999) (holding that exclusivity exception could not be based on theory that employer is responsible for acts of employee through *respondeat superior*); *Richardson v. County of Cook*, 250 Ill.App.3d 544, 190 Ill. Dec. 245, 621 N.E.2d 114 (1993) (concluding that because there was no evidence that employer directed supervisor to assault claimant,

ond, the employer must have intended the injury or had actual knowledge that an injury was certain to occur. *Foshee,* 637 N.E.2d at 1281. Here, while Campbell may have intended to injure Eichstadt when he hit her with the clipboard, there is no evidence that Frisch's, the corporate entity, intended Eichstadt's injuries.

■■■■■ "Tortious intent will be imputed to an employer that is a legal entity or artificial person where either (1) the corporation is the tortfeasor's alter ego or (2) the corporation has substituted its will for that of the individual who committed the tortious acts." *Perry,* 637 N.E.2d at 1287. To prevail under the first prong, the employee must show that both ownership and control of the corporation are in the hands

of the tortfeasor. *Id.* Under the second prong, a corporate employer's tortious intent may be proved if the tortfeasor was acting pursuant to a policy or decision made "through the corporation's regular decision-making channels by those with authority to do so." *Id.* "[I]njury to the employee must be shown to have been the intended product" of such policy or decision for the proponent of jurisdiction to prevail. *Id.*

In *Perry v. Stitzer Buick GMC, Inc,* our Supreme Court concluded that Perry failed to establish that the trial court had jurisdiction on the grounds that his injuries were intentionally inflicted by the employer and were not "by accident." 637 N.E.2d at 1288.[4] There, Perry, who was

---

suit against employer was barred); *McGrew v. Consol. Freightways, Inc.,* 141 Mont. 324, 377 P.2d 350 (Mont.1963) (holding that intentional assault by foreman was exclusively within workers' compensation act); *Daniels v. Swofford,* 55 N.C.App. 555, 286 S.E.2d 582 (1982) (holding that tort suit was barred because malice of assaultive employee would not be imputed to corporation where employee's status within corporation was that of supervisor and not of alter ego); *Hanson v. Versarail Sys., Inc.,* 175 Or.App. 92, 28 P.3d 626 (2001) (concluding that employee could not use theory of *respondeat superior* to bring common law suit against employer for injuries caused by supervisor); *Benson v. Goble,* 593 N.W.2d 402 (S.D.1999) (concluding that employer was not vicariously liable for supervisor's assaults on employee because supervisor was not alter ego of corporation); *Bryan v. Utah Int'l,* 533 P.2d 892 (Utah 1975) (concluding that action could not be maintained against employer where knowledge on part of supervisors that intentional misconduct had been going on for some time did not indicate that such misconduct was directed or intended by the employer).

Only three states, Louisiana, Maryland, and Washington, have held that the exclusive remedy of their respective Worker's Compensation Acts do not apply and that employers may be held liable for the acts of their employees while in the scope of their employment under a theory of vicarious liability.

See *Jackson v. Frisard,* 685 So.2d 622 (La.Ct. App.1996) (concluding that action was not barred by exclusivity provision and employer was vicariously liable because injury resulted from intentional tort committed by instructor within scope of his employment); *Federated Dep't Stores, Inc. v. Le,* 324 Md. 71, 595 A.2d 1067 (1991) (holding that, under Maryland statute, action could be brought at common law against employer for injury resulting from intentional act committed by another employee and that employee was not alter ego of employer); *Hardy v. State,* 38 Wash.App. 399, 685 P.2d 610 (1984) ("[A]n employee has an action against his employer for injuries resulting from an intentional tort committed by the employee's supervisor if the supervisor was acting within the scope of his employment at the time of the intentional act and the supervisor had a deliberate intention to do injury.").

4. We note that although our Supreme Court concluded that the trial court did not have jurisdiction over the employee's claims because his injuries were not intentionally inflicted by the employer, it ultimately held that summary judgment was not appropriate because the employee's injuries did not constitute "personal injury or death" under the WCA, and therefore, his claims were not barred by the exclusivity provision. *Perry v. Stitzer Buick GMC, Inc.,* 637 N.E.2d 1282, 1289 (Ind.1994).

African–American, claimed that he was injured by the actions of his supervisors and alleged that his white supervisors "harbored animosity towards him," which "escalated to little short of a racially motivated campaign to drive him from the dealership." *Id.* at 1284–85. The supervisors made racial slurs and other derogatory remarks towards him and treated him with contempt when he sought approval for sales, as he was required to do. *Id.* at 1285. On one occasion when Perry sought such approval, a sales manager shoved him into an office, berated him, and threatened him with discharge. *Id.* Perry was eventually terminated because he was told his services were no longer needed, but several days later, an advertisement appeared in the newspaper announcing the dealership's need for sales people. *Id.* Although the supervisors possessed a high level of responsibility within the dealership, it was not shown that any of them owned or controlled the business. *Id.* at 1288. Additionally, no evidence was shown that the discrimination by the supervisors was pursuant to any corporate policy or decision directing the supervisors to act as they did toward the employee. *Id.* Therefore, Perry's injuries were not shown to be intentionally inflicted by his employer and were "by accident" as defined by the WCA.

In the present case, the trial court found that Eichstadt failed to meet her burden of proving that Campbell was the alter ego of Frisch's and that she had failed to allege facts to show that her injuries were the intended result of any policy or decision of Frisch's. *Appellant's App.* at 32–33. As to whether Campbell was the alter ego of Frisch's, no evidence was presented to establish that Campbell had either ownership or control of Frisch's. Although Campbell was the manager of the Golden Corral restaurant, he was but one of approximately 125 such managers, and had no ownership in the corporation. Further, evidence was not presented to demonstrate that Campbell was acting pursuant to any policy or decision made by Frisch's through its regular decision-making process. Nothing showed that Frisch's had a corporate policy encouraging or compelling Campbell to hit Eichstadt with a clipboard. In fact, the evidence showed that such actions were prohibited by Frisch's policies and that Campbell was disciplined and terminated for violating such policies. We therefore conclude that the trial court did not err in finding that Eichstadt failed to establish that her injuries were not "by accident" as defined by the WCA. As such, the trial court did not err in dismissing her complaint for lack of subject matter jurisdiction.

Affirmed.

ROBB, J., and BARNES, J., concur.